**NOT FOR PUBLICATION**

FILED

NOV 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50354 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02985-LAB-1 |
| v. | |
| ERIC ALFONSO MARQUEZ, AKA Erik Alfonso Marquez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 5, 2018[**]
Pasadena, California

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Eric Marquez appeals his convictions for making false statements in violation of 18 U.S.C. § 1001, challenging the district court's failure to give *sua sponte* jury instructions, as well as its responses (not objected to below) to jury questions. We have jurisdiction under 28 U.S.C. § 1292. We review for plain error, *United States v. Romm*, 455 F.3d 990, 1003 (9th Cir. 2006); *United States v. Bonanno*, 852 F.2d 434, 440 (9th Cir. 1988), and affirm.

1. The district court did not plainly err by failing to instruct the jury *sua sponte* on a public authority or advice of counsel defense. The court's instruction that the subject charges required a finding of willfulness adequately reached the defense's theory that Marquez relied on a retired Customs and Border Protection officer's advice in making the false statements. *See United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) ("[T]he failure to give a requested instruction is not reversible error if other instructions, in their entirety, adequately cover that defense theory.") (internal quotation marks omitted). In any event, neither defense was available to Marquez, as there was no evidence that the retired officer had the "actual legal authority" to condone his false answers, *United States v. Blair*, 210 F.3d 385 (9th Cir. 2000), or was an attorney.

2. The district court did not err in its responses to the jury's questions. First, the court did not err by failing to inform the jury *sua sponte* that an arrest can

2

revert to a detention under California Penal Code § 849.5. That section is not applicable to Marquez's case, *see* Cal. Penal Code § 849.5 (applying to "any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense"), and Marquez did not contend that he was aware of, or relied on, the statute. Second, the court's response did not give undue weight to the relevance of the citation. Rather, the response was accurate s and did not address whether Marquez knew that he had been arrested

**AFFIRMED.**